## BINGHAM COAL & LUMBER CO. v. BLOM et al.

### No. 2538.   Decided December 11, 1913 (137 Pac. 630).

1. APPEAL AND ERROR—PRESUMPTIONS—PARTIES.   Where, when an action was commenced against a firm to foreclose a mechanics' lien, one of the partners had parted with all his interest in the real estate to the other partner, who had since died, and a personal judgment was not asked, it will be presumed that such partner was made a defendant as a surviving partner, and hence it cannot be claimed by the administratrix of the deceased that the survivor was not a party as surviving partner, and that hence the firm, the real defendant, was not in court. (Page 589.)

2. PARTNERSHIP—ACTIONS AGAINST FIRM—PARTIES.   If, in an action against a copartnership, one of the firm is duly served with summons, he is in court both as a surviving partner, if he is such, and an individual.   (Page 590.)

3. APPEAL AND ERROR—PRESUMPTIONS—PARTIES—CAPACITY.   In an action against a copartnership to enforce a mechanic's lien, it will be assumed that a surviving partner who joined in a general demurrer did so as surviving partner; that being the only capacity in which he was properly a party.   (Page 590.)

4. PARTIES—DETERMINATION OF CAPACITY.   Whether one is sued as an individual or copartner or otherwise is determined from the pleadings and not from the summons or return of service. (Page 590.)

5. MECHANICS' LIENS—ENFORCEMENT—JUDGMENT.   Where, in an action to foreclose a mechanic's lien against a firm and the administratrix of a deceased partner, all claims against other assets of the estate are specifically waived, and a deficiency judgment was not allowed, a judgment requiring the property to be sold and the proceeds applied to the payment of the lien and any balance paid to the administratrix sufficiently protected the rights of the parties.   (Page 590.)

APPEAL from District Court, Third District; *Hon. Geo. G. Armstrong*, Judge.

Action by Bingham Coal & Lumber Company against Matt Blom and another, co-partners, doing business as Blom & Winter, and Emma Winter, administratrix of Axel Winter, deceased, and others.

Judgment for plaintiff. The administratrix appeals.

Affirmed.

*Thomas Kane* for appellant.

*W. H. Bramel* for respondent.

APPELLANT'S POINTS.

This action was brought against Matt Blom and Axel Winter, copartners doing business under the firm name of Blom & Winter, et al., and this being true the action was against them individually and not against the partnership. (*Guthiel v. Gilmore,* 27 Utah, 496.) Winter having died before the said suit was commenced, and Blom alone was served with summons as an individual defendant, such service did not and could not bring in the partnership. The death of Winter *ipso facto* dissolved the partnership. (22 American and English Encyc., page 199, and cases there cited under Note 9, particularly *Louis v. Elfelt,* 89 Cal. 547; *Gleason v. White,* 34 Cal. 258.) The contract express or implied for the materials for improvement on land must have been made with the owner thereof before a claim for a lien for the improvements can be maintained. (*Eccles Lumber Co. v. Martin, et al.,* 31 Utah, 241; *Morrison, Merrill & Co. v. Clark,* 20 Utah 379.) This fact being established the partnership of Blom & Winter, to whom the materials were sold, and who were the owners of the property at that time, are necessary parties to establish a lien in this action. (*McDonald v. Backus,* 45 Cal. 262.)

Notwithstanding the quitclaim deed from Matt Blom and wife to Axel Winter, the property sought to be conveyed, still remained a trust estate chargeable with the payment of all partnership debts, and for that purpose could only be administered by the surviving partner as such, hence this trust obligation could only be divested by proper proceedings against said surviving partner. (Statutes of Utah Section 3918; (By inference) *Wilson v. Meyer,* 23 Utah 529.) The

fact that the present property owner goes to trial without objection because the contractor was not made a party defendant, does not waive the irregularity. (*Esley v. Hallock Lumber, Etc. Company,* 4 Colo. App. 165.)

RESPONDENT'S POINTS.

Objections based on misjoinder or nonjoinder of parties cannot be taken at trial nor after trial. (*Henderson v. Turngren,* 9 Utah, 432, 35 Pac., 495; *Stevens v. Imp. Co,.* 20 Utah, 267, 58 Pac. 843; *Cole v. Sugar Co.,* 35 Utah, 148, 99 Pac., 681; 15 Ency. Pl. & Pr., p. 750-756 and notes.)

At common law a partnership was sued by joining as defendants all the individuals composing the firm. Service was had upon the partnership by serving all the members personally. One member had no authority to accept process for another. In all suits against a partnership brought by third parties, the partnership was, at common law, treated merely as a joint affair. The individuals were jointly liable. That is all there was to it. They were sued, served and treated as individuals. The law did not recognize the firm as a legal entity having capacities to sue or be sued. (15 Ency. Pl. & Pr., p. 868; 30 Cyc., p. 565; *Cox v. Hardware Co.,* 58 Pac., 645; *Blackwell v. Reid & Co.,* 41 Miss., 102; *Proprietors v. Yellow Jacket,* 4 Nevada, 553; *Pollock v. Dunning,* 54 Ind., 115; Chitty on Pleadings, pp. 12-42-256.) The privilege of suing a firm of partners by the firm name is given by statute in this state. A suit of this kind affords a restricted kind of relief. It affects only the joint property of the firm. No such thing existed at common law. (Comp. Laws, 1907, Sec. 2927.)

Another point for consideration is the fact that after the death of Winter, there was no such firm or entity as Blom & Winter. After Winter died Matt Blom became charged with the duty of closing up the business, if there was any, and accounting to Winter's estate for Winter's share of the proceeds. (Comp. Laws, 1907, Sec. 3918.)

FRICK, J.

This is an action in equity to foreclose a mechanic's lien upon property which, when the lien was acquired, was owned by a copartnership. The complaint is in the usual form in such actions, and, in view that it is not assailed, we ordinarily would not set forth any of the allegations, but, considering the character of the errors assigned by appellant, we deem it necessary to at least set forth some of the material allegations of the complaint. It is alleged that one Matt Blom and one Axel Winter were copartners, doing business under the name of Blom & Winter, and as such owned the real estate involved in this action; that at the request of said Blom & Winter respondent furnished material for the construction of a certain building which was to be and was erected upon the real estate owned as aforesaid, and which material was of the value of $2005.90, no part of which had been paid except the sum of $100, and that respondent had complied with all of the provisions of our statute relating to mechanic's liens, and had thus acquired a mechanic's lien against said real estate and building thereon; that, after said building was erected as aforesaid, said Matt Blom and wife had duly conveyed all of their right, title, and interest in said real estate to said Axel Winter; that after said conveyance was made said Axel Winter died intestate, leaving surviving him the defendants, Emma Winter, his wife, and Sylvia, Ebba, and Judeth H. Winter, his children, as his only heirs at law; that, subsequently to the death of said Axel Winter, said Emma Winter was duly appointed administratrix of said estate, and she as such administratrix was also made a party defendant to this action. It was also alleged in the complaint that respondent waived (as it might do under our statute) all claim to any part of the estate of said Axel Winter except the property covered by said mechanic's lien and conveyed to him as aforesaid. A general demurrer was interposed to the complaint as follows: "Come now the defendants Matt Blom and Axel Winter, copartners, doing business under the firm name of Blom & Winter, Emma Winter, Judeth H. Winter, a minor, Sylvia

Winter and Ebba Winter, minors, and Emma Winter, administratrix of the estate of Axel Winter, deceased, and demur to the complaint on file, and for ground of demurrer allege that the said complaint does not state facts sufficient to constitute a cause of action." The demurrer was signed by the attorney, who states that he is the attorney for all of the defendants named therein, specifically naming them again after signing his name. The record also shows that summons had been personally served upon all of the defendants named in said demurrer except Axel Winter. None of the defendants named in the demurrer except Emma Winter, as administratrix of said estate, made any further appearance in the action, and she appeared and filed an answer in which she, upon the ground of want of information and belief, denied all of the allegations of the complaint.

A trial was had to the court, after which it made findings of fact covering all of the matter necessary in such cases, and also found the facts which we have stated herein, including the further fact that all of the defendants had been duly served with summons. Upon these findings conclusions of law were also made directing that a judgment or decree be entered foreclosing the mechanic's lien aforesaid, and that the property described in the complaint be sold and the proceeds, so far as necessary, applied to the payment of said lien, and the balance, if any, paid to the defendant Emma Winter, as administratrix of said estate. Judgment or decree was accordingly entered in which respondent's rights were expressly limited to the property described in the complaint. Emma Winter, as administratrix of the estate aforesaid, alone appeals.

The principal error assigned, as we understand appellant's counsel, may be stated thus: That the court erred in entering judgment as it did because the debt, if any existed, was contracted by, and therefore was the debt of, the copartnership of Blom & Winter; that when Winter died said partnership was dissolved, and Matt Blom thereafter, as surviving partner, could alone represent the copartnership, and that he never was made a party to this action as such surviv-

ing partner; hence the real debtor never was in court, and, not having been in court, it was error to enter a judgment foreclosing the mechanic's lien.

It should be remembered that it is Emma Winter, as the administratrix of the estate of Axel Winter, who raises the objection; she being the representative of one of the copartners of Blom & Winter and of the one who succeeded to the property in question during his lifetime. Blom is not here insisting that he was not in court as the surviving partner of the copartnershp of Blom & Winter.

But suppose he did make such an objection, could it avail him anything? We think not. As we have pointed out, Blom had parted with all of his interest in the subject of the action, namely, the real estate on which the mechanic's lien was sought to be foreclosed before the action was commenced, and must be presumed to have received payment for such interest. Again, in the complaint no personal judgment was asked as against any one, not even Matt Blom. The only reason, therefore, that existed for making Matt Blom a party to the action was because he was the surviving partner of the copartnership of Blom & Winter, which had contracted the debt to secure which the mechanic's lien was claimed. Beyond this he had no more interest in the action than, so far as appears, has appellant's counsel, and hence would not have been a proper party but for the reason suggested. It must be assumed, therefore, that Matt Blom was made a party because he was the surviving partner of the copartnership of Blom & Winter. It is urged upon us, however, that, in order to make Blom a party to the action as such surviving partner, it was necessary to state in the summons that he was a party in that capacity. We have already pointed out that, under the undisputed facts of this case, he could not properly be made a party except as the surviving partner of the copartnership aforesaid.

But apart from all this we are of the opinion that when a copartnership is sued, and one of the members thereof is duly served with summons, he is in court for every purpose (that

is, he is in court as a partner and as an indivdual); and in case he happens to be the surviving partner, and all of the facts are made to appear in the complaint, as in this case, he is also in court as such surviving partner.

This is not a case where it is sought to bind one partner by merely serving process upon another partner, nor is it one where a person is sued as an individual when he is liable only in a representative capacity, but it is a case where a partner has appeared in court personally.

Moreover, in filing the general demurrer it must be assumed that Matt Blom joined in it as the surviving partner, since that was the only capacity in which he had, or could have, any legal connection with the case whatever.

Whether a person is sued as an individual or otherwise must be determined from the pleadings and not from the summons or the return of service. It clearly appears in this case that nothing was claimed against Matt Blom as an indivdual. We are of the opinion that, under the undisputed facts and circumstances, Matt Blom was in court as the surviving partner of the copartnership of Blom & Winter. The contention made by appellant's counsel, therefore, that the debtor which contracted the debt on which this action was based never was in court is not tenable.

There is also some objection made that the judgment is not in the proper form. It may be that the judgment is somewhat irregular in form; but inasmuch as all claims against the other assets of the Winter estate are specifically waived, and a deficiency judgment is disallowed, the judgment is quite sufficient as it is, and no one could be either benefited or hurt if the language were changed in conformity with counsel's suggestion.

We can discover no reversible error in this record, and the judgment is therefore affirmed, with costs.

McCARTY, C. J., concurs.

STRAUP, J.

I concur. Appellant's real complaint relates to defect or nonjoinder of parties. Such matters are not raised by a general demurrer and are not reviewable thereunder.